UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Christopher Berg,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Verizon Wireless; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.:  3:13-cv-00001<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Christopher Berg, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.     The Plaintiff, Christopher Berg ("Plaintiff"), is an adult individual residing in La Crosse, La Crosse County, Wisconsin.

4.     Defendant Verizon Wireless ("Verizon") is a New York business entity with an address of 2000 Corporate Drive, Orangeburg, New York 10962.

5.     Does 1-10 (the "Agents") are individual employees/agents employed by Verizon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.     Verizon at all times acted by and through one or more of the Agents.

## FACTS

7.     In or around December, 2012, Verizon began calling Plaintiff on his cellular phone xxx-xxx-0326.

8.     At all times mentioned herein, Verizon contacted Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

9.     Prior to all events hereinafter mentioned, Plaintiff had an existing business relationship with Verizon and provided his consent for Verizon to contact Plaintiff using ATDS.

10.    However, during the initial conversation and during all subsequent contacts with Verizon in December of 2012, Plaintiff revoked his consent to be contacted by means of automatic telephone calls or prerecorded messages and instructed Verizon to communicate with Plaintiff via U.S. mail only.

11.    Thereafter, despite having been so instructed, Verizon continued calling Plaintiff using ATDS, placing four to five calls per day on a daily basis.

12.    During one of the conversations, Plaintiff was advised that Verizon could not remove his number and it was therefore unable to cease contacting him.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

15. Plaintiff either never provided express consent to Defendant or the Creditor to call his cellular telephone number, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

18. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A.  Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

Dated: January 2, 2013

                            Respectfully submitted,

                            By: */s/ Amy L. Cueller*

                            Amy L. Cueller, Esq., #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff