IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER BERG,

                    OPINION AND ORDER

          Plaintiff,

                    13-cv-1-bbc

     v.

VERIZON WIRELESS,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil suit, plaintiff Christopher Berg alleges that defendant Verizon Wireless violated § 227(b)(1)(A) of the Telephone Consumer Protection Act, 47 U.S.C. § 227, by calling his mobile phone with an automated telephone dialing system. Plaintiff consented to receive calls from an automated dialing system initially, Am. Cpt., dkt. # 9, ¶ 9, but later "revoked his consent to be contacted" during a conversation with defendant. Id. at ¶ 10. Nevertheless, defendant continued calling plaintiff's cell phone four to five times each day using its automated system, id. at ¶ 11. In total, defendant made 393 automated calls, including the calls made after defendant revoked his consent to be contacted. Id. at ¶ 7.

      Defendant has filed a motion to dismiss plaintiff's amended complaint for failure to state a claim. Dkt. #11. Section 227(b)(1)(A) prohibits automated calls to cellular phones unless the call is "made with the prior express consent of the called party." Defendant argues that (1) once consumers give their express consent to receive calls from an automated

1

telephone dialing system, they may never revoke that consent and (2) if consumers can revoke their consent, that revocation must be in writing. In Beal v. Wynham Vacation Resorts, Inc., Case No. 12-cv-724-bbc, dkt. #83, at 33 (June 20, 2013), I addressed these same issues and concluded that "consumers can revoke their consent to receive autodialer calls under the Telephone Consumer Protection Act and may do so orally." For the most part, defendant relies on the same arguments and district court cases that I considered in Beal. Rather than repeat that analysis, I have attached a copy of that opinion to this order.

However, defendant makes one argument that I did not address in Beal. Defendant argues that plaintiff's consent to calls from an automated dialer "formed a portion of [the] consideration for the original transaction and to permit after the fact revocation of consent would be tantamount to permitting one to take back the consideration upon which the other party relied on in making the contract." This argument would be relevant in a contract dispute, though it would be difficult to maintain that plaintiff promised to allow defendant to call him five times a day using an automated system simply by listing his cell phone number on the contract. In any case, this argument is not persuasive for purposes of statutory construction. Section 227(a)(1)(A) prohibits "any person" from making "any call" with an automated dialing system to "any telephone number assigned to a . . . cellular telephone service" without the called party's express consent. Nothing in this broad language suggests that consumers who consent initially in the context of a contractual relationship should be treated differently under the statute. For the reasons explained further in Beal, I conclude consumers may revoke their consent orally under § 227(a)(1)(A)

2

and therefore, I will deny defendant's motion to dismiss the amended complaint.

ORDER

IT IS ORDERED that defendant Verizon Wireless's motion to dismiss plaintiff Christopher Berg's amended complaint, dkt. #11, is DENIED.

Entered this 21st day of June, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge