IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER BERG,

                              Plaintiff,

   v.

VERIZON WIRELESS,

                              Defendant.

ORDER

13-cv-1-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Verizon Wireless has filed a motion for summary judgment on plaintiff Christopher Berg's claim that defendant made calls to him on his cellular phone, in violation of the Telephone Consumer Protection Act. However, there are several procedural matters I must address before I can decide that motion.

      After plaintiff filed his opposition materials to defendant's summary judgment motion, defendant filed a motion to "strike" plaintiff's responses to defendant's proposed findings of fact because they did not comply with this court's summary judgment procedures. In addition, defendant moved to strike plaintiff's declaration on the grounds that it was inconsistent with his deposition testimony, not made on personal knowledge and too conclusory. Dkt. #36. After plaintiff filed an opposition brief to defendant's motion to strike and amended his responses to conform to the court's rules, dkt. #41, defendant filed what it called a "motion for direction and sanctions." Dkt. #42. In that motion, defendant

1

asks the court whether it must answer plaintiff's amended responses and whether it should file a reply brief in support of its motion to strike. In addition, it says that it should be reimbursed "for its time spent moving to strike Plaintiff's inappropriate filings, for its attempt to respond to these same filings and for bringing this motion." Id.

I see no unfair prejudice to defendant if plaintiff amends his responses, so I will allow him to do so and I will give defendant an opportunity to file an amended reply. In the future, if plaintiff wishes to amend any filing after the deadline for doing so, he should seek leave of court first.

With respect to the question whether defendant should file a reply brief in support of its motion to strike, the answer is no because defendant should not have filed the motion in the first place. The Court of Appeals for the Seventh Circuit has stated on multiple occasions that motions to "strike" are not the appropriate vehicle for challenging another party's submissions. E.g., Wiesmueller v. Kosobucki, 547 F.3d 740, 741 (7th Cir. 2008); Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725 (7th Cir. 2006); Redwood v. Dobson, 476 F.3d 462, 470-71 (7th Cir. 2007). Rather, if a party believes that a party has relied on an inadmissible declaration or affidavit in the context of a motion for summary judgment, the proper response is to dispute any proposed findings of fact that rely on that declaration or affidavit on the ground that they are not supported by admissible evidence. Prochaska v. Menard, Inc., 829 F. Supp. 2d 710, 713 (W.D. Wis. 2011). A motion to strike accomplishes nothing but to add confusion regarding what is actually in dispute. Similarly, if a party believes that some or all of the other side's proposed findings of fact are improper,

it is easy enough to explain this in context of filing responses to those proposed findings of fact.

Accordingly, I am denying defendant's motion for attorney fees with respect to the time it spent preparing its motion to strike (dkt. #36). However, I am directing plaintiff to show cause why he should not reimburse defendant for filing the "motion for direction and sanctions" (dkt. #42) and its amended reply to plaintiff's response to defendant's proposed findings of fact. Those filings were necessary only because plaintiff filed amended responses without leave of court, so it seems fair to require plaintiff to pay those fees. However, I will give plaintiff an opportunity to argue otherwise. Alternatively, the parties may stipulate to an amount.

ORDER

IT IS ORDERED that

1. Defendant Verizon Wireless's motion to strike, dkt. #36, is DENIED as moot.

2. Defendant's motion for "direction and sanctions," dkt. #42, is GRANTED IN PART and DENIED IN PART. Defendant may have until September 27, 2013, to file an amended reply to plaintiff Christopher Berg's amended responses to defendant's proposed findings of fact. At the same time, defendant should include an itemization of its fees for its "motion for direction and sanctions" and its amended reply. Plaintiff may have until September 30, 2013, to show cause why he should not reimburse defendant for those fees

and to object to the reasonableness of the amount.

    Entered this 20th day of September, 2013.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge