IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER BERG,

                                                                              OPINION and ORDER

                 Plaintiff,

                                                                              13-cv-1-bbc

     v.

VERIZON WIRELESS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Christopher Berg is suing defendant Verizon Wireless under the Telephone Consumer Protection Act, 47 U.S.C. § 227, for attempting to collect a debt by calling his mobile phone with an automated dialing system. Two motions are before the court: (1) defendant's motion for leave to amend its answer to include the affirmative defense of consent, dkt. #19; and (2) defendant's motion for summary judgment on the ground that the undisputed facts show that it did not call plaintiff after he revoked his consent on January 2, 2013. Dkt. #20. In addition, plaintiff has responded to the court's order to show cause why he should not reimburse defendant for the fees it incurred as a result of plaintiff's failure to follow the court's summary judgment procedures.

      Because I see no unfair prejudice to plaintiff in allowing defendant to add the affirmative defense of consent, I am granting defendant's motion for leave to amend its answer. However, I am denying defendant's motion for summary judgment because it is

disputed whether plaintiff revoked his consent before defendant stopped calling him. Finally, I am awarding defendant $1237.50 in attorney fees for the additional work it had to do as a result of plaintiff's failure to follow the court's summary judgment procedures.

OPINION

A. Motion for Leave to Amend

Under 47 U.S.C. § 227(b)(1)(A)(iii), it is "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." Although the Court of Appeals for the Seventh Circuit has not addressed the issue whether the plaintiff or the defendant has the burden of proving consent, many district courts have concluded that consent is an affirmative defense that must be pleaded and proven by the defendant. E.g., Swope v. Credit Management, LP, 2013 WL 607830, *2 (E.D. Mo. 2013); Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012); Connelly v. Hilton Grant Vacations Co., LLC, 2012 WL 2129364, *3 (S.D. Cal. 2012); Thrasher-Lyon v. Illinois Farmers Insurance Co., 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012); Shupe v. JPMorgan Chase Bank of Arizona, 2012 WL 1344820, *4 (D. Ariz. 2012); Lee v. Credit Management, LP, 846 F. Supp. 2d 716, 730 (S.D. Tex. 2012).

The Federal Communications Commission has also stated that "the creditor should be responsible for demonstrating that the consumer provided prior express consent" because

the creditor is "in the best position to have records kept in the usual course of business showing such consent." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 565 ¶ 10 (Jan. 4, 2008). I see no reason to question that view. CE Design, Ltd. v. Prism Business Media, Inc., 606 F.3d 443, 446, 449 n.5 (7th Cir. 2010) ("[T]he Hobbs Act, reserves to the courts of appeals [on direct review] the power 'to enjoin, set aside, suspend (in whole or in part), or to determine the validity of' all final FCC orders.").

In its answer, defendant denied plaintiff's allegation that he revoked his consent to allow defendant to call him on his cell phone in November 2012. Ans. ¶ 10, dkt. #18. Defendant now seeks to amend its answer to allege affirmatively that "[p]laintiff did not revoke consent until January 2, 2013 and all calls complained of were made before that date." Dkt. #19-1.

It is questionable whether it is necessary for defendant to amend its answer simply to allege in the affirmative what it already denied. Regardless, I see no reason to deny defendant's request because there is no unfair prejudice to plaintiff. By denying plaintiff's allegations in its answer, defendant put plaintiff on notice of its position that plaintiff did not revoke his consent before defendant stopped calling him. Fair notice is all that the federal rules require. Fed. R. Civ. P. 8(a)(2). Although it would have been more precise for defendant to expressly identify consent as an affirmative defense, the Supreme Court long ago "reject[ed] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." Conley v. Gibson, 355 U.S. 41, 48 (1957). See also Rabe

v. United Air Lines, Inc., 636 F.3d 866, 872 (7th Cir. 2011) ("[S]pecifying an incorrect legal theory is not a fatal error" under federal pleading rules.). Plaintiff opposes defendant's motion, but he does not even attempt to explain why defendant's denial was not adequate to put him on notice that the issue of consent was in dispute. Accordingly, I am granting defendant's motion for leave to amend its answer.

B. Motion for Summary Judgment

The only issue raised in defendant's motion for summary judgment is whether defendant ever called plaintiff on his cell phone without his consent. It is undisputed that plaintiff gave defendant his consent to call him on his cell phone when he renewed his contract with defendant on November 10, 2011. Dft.'s PFOF ¶ 6, dkt. #21; Plt.'s Resp. to Dft.'s PFOF, dkt. #41 (not responding to Dft.'s PFOF ¶ 6). It is also undisputed that defendant began calling plaintiff sometime after November 14, 2012, in an attempt to collect an unpaid bill. Dft.'s PFOF ¶¶ 7 and 12, dkt. #21; Plt.'s Resp. to Dft.'s PFOF, dkt. #41 (not responding to Dft.'s PFOF ¶¶ 7 and 12). Finally, it is undisputed that, on January 2, 2013, plaintiff told defendant to stop calling him on his cell phone and that defendant never called plaintiff again after that date. Dft.'s PFOF ¶¶ 31 and 37; Plt.'s Resp. to Dft.'s PFOF (not responding to Dft.'s PFOF ¶¶ 31 and 37). The question is whether plaintiff revoked his consent at any time before January 2, 2013. Beal v. Wyndham Vacation Resorts, Inc., No. 12-cv-274-bbc, — F. Supp. 2d — 2013 WL 3870282 (W.D. Wis. June 20, 2013) (concluding that consumer may revoke consent under Telephone Consumer

Protection Act).

The parties' dispute focuses on six conversations that plaintiff had with defendant between December 10, 2012 and December 20, 2012. Neither side identifies any other communication, written or oral, that occurred between the parties after defendant began calling plaintiff and before January 2, 2012. Defendant argues that plaintiff did not revoke his consent in any of those six conversations; plaintiff argues that he revoked his consent in a conversation "on or about December 10, 2012." (Plaintiff has retreated from the allegation in his complaint that he revoked consent in November 2012.) In support of its view, defendant has submitted audio recordings of six conversations, none of which include a request by plaintiff for defendant to stop calling him. Dkt. #25. In a declaration accompanying the recordings, the "collection manager" avers that "no changes, additions or deletions have been made in these recordings." Id. In support of his view, plaintiff cites his deposition testimony and declaration. Dkt. ##23 and 35.

Both sides challenge the other's submissions. Plaintiff says that recordings provided by defendant dated December 10 and December 12 seem to be cut short. In particular, plaintiff observes that the December 10 recording ends with plaintiff saying, "I want a final statement," but there is no indication that either party hung up at that time. In addition, he observes that the December 12 recording ends after plaintiff asks the question, "When did they send this [the bill] out?" again suggesting that the conversation continued after the recording ended.

Plaintiff argues that the recordings cannot be admitted as business records under Fed.

5

R. Evid. 803(6) because they are incomplete. However, even if I assume that plaintiff's observations about the recordings raise a genuine issue of material fact about their completeness, plaintiff cites no authority and develops no argument for the proposition that evidence may be excluded altogether if there is a dispute whether a recording is complete. Plaintiff is free to raise this issue to the jury, but I decline to exclude the recordings.

For its part, defendant says that plaintiff's argument that he revoked consent on December 10 "rel[ies] solely on his Declaration," which is inconsistent with plaintiff's deposition testimony. Dft.'s Br., dkt. #37, at 3. Defendant cites the "sham affidavit" rule for the proposition that the court should refuse to consider plaintiff's declaration. Beckel v. Wal-Mart, Inc., 301 F.3d 621, 623 (7th Cir. 2002) ("Affidavits, . . . when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy."). This argument is a nonstarter because the "contradiction" defendant cites is testimony from plaintiff's deposition that he revoked his consent for the first time on December 12. Id. at 4 (citing Berg Dep., dkt. #23, at 62). Thus, even if I agreed with defendant that the sham affidavit rule should apply, the two-day difference between December 10 and December 12 is irrelevant for the purpose of summary judgment. Either way, there remains a genuine dispute whether plaintiff revoked his consent before January 2.

In any event, the deposition testimony is not so clear cut. Plaintiff cites testimony from his deposition that he told defendant to stop calling him on December 10, 11, 12, 13

and 20. Berg Dep., dkt. #23, at 21-22. Although it is certainly true that other portions of plaintiff's deposition are more equivocal, I am not aware of any instance in which the Court of Appeals for the Seventh Circuit has held that deposition testimony must be disregarded if it is inconsistent with another part of the same deposition. Gullick v. Ott, 517 F. Supp. 2d 1063, 1075 (W.D. Wis. 2007) ("sham affidavit" rule does not apply to inconsistencies within same deposition). "[W]hen a witness gives contradictory testimony at trial, it is a relevant consideration for the jury, but it is not a ground for striking the testimony or declaring the witness incompetent to testify on the matter." Id. I see no reason to apply a different rule to deposition testimony. Defendant is free to cross examine plaintiff about any inconsistencies in his testimony, but I decline to make a credibility determination on a motion for summary judgment. Lewis v. City of Chicago, 496 F.3d 645, 651 (7th Cir. 2007) (court's function on motion for summary judgment is not to "weigh the evidence and determine the truth of the matter but rather [to] determine whether there is a genuine issue for trial").

Defendant raises a new argument in its reply brief that a consumer cannot revoke consent simply by telling the merchant to stop calling him, but that argument is waived for the purpose of summary judgment. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009) (arguments raised for first time in reply brief are waived). Because the question of when plaintiff withdrew his consent is genuinely disputed, I am denying defendant's summary judgment motion.

### C. Fees

Under this court's summary judgment procedures, the parties must follow particular rules when responding to another party's proposed findings of fact. For example, the nonmoving party must "[a]nswer each numbered fact proposed by the moving party in separate paragraphs, using the same number." Procedure to Be Followed on Motions for Summary Judgment II.D.1, dkt. #10. In addition, if the party disputes a proposed fact, he must "state [his] version of the fact and refer to evidence that supports that version." Id. at II.D.2. These rules are provided to the parties with the preliminary pretrial conference order. Dkt. #10.

In this case, plaintiff did not follow these rules. Instead, he submitted a document in which he raised broad objections to defendant's proposed findings of fact without responding to each one individually. Dkt. #34. After defendant filed a motion to strike plaintiff's objections as inconsistent with the court's rules, dkt. #36, plaintiff submitted an amended document that raised disputes to individual proposed findings of fact, dkt. #39, but he did not seek leave of court to do so. Defendant then filed a motion in which it asked the court whether it should respond to the new filing. Dkt. #42. In addition, it asked for attorney fees for filing the motion and responding to plaintiff's objections.

In an order dated September 23, 2013, I directed defendant to respond to plaintiff's amended filing and to prepare an itemization of its fees for its motion and its amended response. Dkt. #43. In addition, I gave plaintiff an opportunity to show cause why he should not reimburse defendant for those fees and to object to the reasonableness of the

amount.

In response to the order, defendant seeks fees of $1237.50. Dkt. #45. Because plaintiff does not object to the reasonableness of the fee or otherwise provide any reason for his failure to comply with the court's summary judgment procedures or for failing to seek leave of court to amend his filings, I will award the requested amount.

## ORDER

IT IS ORDERED that

1. Defendant Verizon Wireless's motion for leave to file an amended answer, dkt. #19, is GRANTED.

2. Defendant's motion for summary judgment, dkt. #20, is DENIED.

Entered this 28th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge