IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER BERG,

                          ORDER

            Plaintiff,

                          13-cv-1-bbc

    v.

VERIZON WIRELESS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Christopher Berg has filed a motion for reconsideration of the portion of the order dated October 30, 2013, directing him to reimburse defendant Verizon Wireless $1237.50 for the attorney fees it expended as a result of plaintiff's failure to follow this court's summary judgment procedures and his subsequent untimely amendment of his submissions without leave of court. Plaintiff raises two arguments in his motion.

      First, plaintiff objects to the statement in the order that he failed to justify his failure to comply with the court's summary judgment procedures or to seek leave of court before amending his submissions after the deadline. He says that he "se[t] forth several reasons why Plaintiff did not comply with the Court's summary judgment procedures and did not seek leave of Court to amend the filings." Dkt. #49 at 2. That is incorrect. Although plaintiff responded to the court's order to show cause why he should not be required to reimburse defendant, he did not explain in his response why he failed to comply with the

1

court's summary judgment procedures. Those procedures were attached to the preliminary pretrial conference order, which states clearly that parties must comply with the procedures. Dkt. #10 at 2 ("If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure."). Further, plaintiff's only explanation for filing an untimely amendment to his submissions without seeking leave of court is that he thought doing so was "appropriate," dkt. #46 at 1, which is not a compelling excuse.

However, I agree with plaintiff's second argument, which is that the court does not have authority under its inherent power to sanction a party without a finding of bad faith. Maynard v. Nygren, 332 F.3d 462, 470-71 (7th Cir. 2003) ("[T]he assessment of fees against counsel under the inherent powers of the court is permitted only when there is a finding of willful disobedience or bad faith."). As plaintiff points out, I did not find that he acted in bad faith and I have no intention of doing so. I see no evidence that plaintiff's failure to follow court rules was anything more than negligent conduct. Although bad faith is not a prerequisite to imposing sanctions under Fed. R. Civ. P. 37, e360 Insight, Inc. v. Spamhaus Project, 658 F.3d 637, 642-43 (7th Cir. 2011), I did not find that plaintiff violated that rule and defendants never identified such a violation. Accordingly, I am granting plaintiff's motion for reconsideration and vacating the award of sanctions.

ORDER

IT IS ORDERED that plaintiff Christopher Berg's motion for reconsideration, dkt. #49, is GRANTED. The order awarding $1237.50 to defendant Verizon Wireless is VACATED.

Entered this 13th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge